## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT COURT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **MICHAEL KABIA** and **JOHN KEITA,** on behalf of themselves and all others similarly situated, ) ) ) ) Plaintiffs, ) ) v. ) ) **IMPACT CARE OHIO LLC,** ) ) Defendant. ) | Case No._____ **COLLECTIVE AND CLASS ACTION COMPLAINT** **JURY DEMAND ENDORSED HEREON** |

Plaintiff Michael Kabia ("Plaintiff Kabia") and Plaintiff John Keita ("Plaintiff Keita") (collectively "Plaintiffs") on behalf of themselves and all others similarly situated, for their collective and class action Complaint against Defendant Impact Care Ohio LLC ("Defendant"), state and allege as follows:

### INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. Chapter 4111 and R.C. 4113.15.

2. Plaintiffs bring this case as a "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of [her]self or themselves and other employees similarly situated." Plaintiffs bring this case on behalf of themselves and other "similarly situated" persons who may join this case pursuant to § 216(b) (the "Opt-Ins").

3. Plaintiffs also bring this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the OMFWSA and R.C. 4113.15 on behalf of other similarly situated employees employed by Defendant in Ohio (the "Class").

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant operates in this District and Division and because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this District and Division.

6. The Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. Plaintiffs are adult individuals residing in Westerville, Franklin County, Ohio.

8. Defendant employed Plaintiff Kabia from approximately June of 2021 through March 5, 2024 as a non-exempt employee who was paid on an hourly basis.

9. Defendant employed Plaintiff Keita from approximately June of 2021 through March 5, 2024 as a non-exempt employee who was paid on an hourly basis.

10. At all relevant times, Plaintiffs were employees within the meaning of 29 U.S.C. § 203(e), and R.C. 4111.03(D)(3) and 4113.15.

11. Defendant is a domestic limited liability company that operates a home health service in the greater Columbus, Ohio region in Franklin County. It can be served via its statutory agent and owner, Jasmie Calo, at 1350 West Fifth Avenue, Suite 10D, Columbus, Ohio 43212.

12. At all relevant times, Defendant was an employer within the meaning of the FLSA, and R.C. 4111.03(D)(2) and 4113.15.

13. At all relevant times, Defendant constituted an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14. At all relevant times, Plaintiffs were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

15. Plaintiff Kabia's written Consent to Join this Action is attached hereto as **Exhibit A**.

16. Plaintiff Keita's written Consent to Joint this Action is attached hereto as **Exhibit B.**

## FACTUAL ALLEGATIONS

17. Defendant is a home health care company that provides health care services to individuals, including personal care, transportation, adult day support, and general household work.

18. Defendant, rather than its clients, employed Plaintiffs, and those similarly situated, as Direct Support Professionals (also known as, "DSP Providers" or "DSPs") to provide services to Defendant's clients.

19. Plaintiffs and those similarly situated were responsible for providing the following services to Defendant's clients: adult support and supervision, non-medical transportation, dressing, grooming, feeding, bathing, general household work, and various day-to-day care activities.

20. More than twenty (20) percent of Plaintiffs' job duties required general household work.

21. Plaintiffs and other similarly situated employees were non-exempt employees under the FLSA and Ohio law and were paid an hourly wage.

22. Plaintiffs and other similarly situated employees, as full-time employees, regularly worked 40 or more hours in a workweek in the last three years.

23. Plaintiffs and other similarly situated employees were not paid for all of the time spent for hours worked.

24. As a result of Plaintiffs and other similarly situated employees not being paid for all hours worked, Plaintiffs and other similarly situated employees were not paid overtime compensation for all of the hours they worked in excess of 40 each workweek.

25. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA and OMFWSA.

26. Managers and supervisors knew that Plaintiffs and others similarly situated were working hours in excess of forty (40) hours each workweek and were not being paid one and one half their regular rate of pay for such hours worked.

27. Plaintiffs made numerous complaints to Defendant regarding not being paid properly for their overtime hours.

28. Despite the complaints, Defendant maintained its pay practice of failing to compensate Plaintiffs and those similarly situated for one and one half their regular rate of pay for all hours worked in excess of forty each workweek.

**COLLECTIVE ACTION ALLEGATIONS**

29. Plaintiffs brings this action on behalf of themselves pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

30. The class that Plaintiffs seek to represent and for whom Plaintiffs seek the right to send Court supervised notices for purposes of the collective action, and of which Plaintiffs themselves are members, is composed of and defined as follows:

> **All current and former hourly employees who performed work for Impact Care Ohio LLC in Ohio providing home health services who worked 40 or more hours**

**during a workweek at any time from three (3) years preceding this Complaint through final disposition of this matter**.

31. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiffs, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiffs are representative of those other employees and are acting on behalf of their interests as well as their own in bringing this action.

32. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

33. Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of themselves and a class of persons employed by Defendant in Ohio defined as:

> **All current and former hourly employees who performed work for Impact Care Ohio LLC in Ohio providing home health services who worked 40 or more hours during a workweek at any time from two (2) years preceding this Complaint through final disposition of this matter.**

34. The Class is so numerous that joinder of all class members is impractical. Plaintiffs are unable to state the exact size of the potential Class but, upon information and belief, avers that it consists of at least 40 or more people.

35. There are questions of law or fact common to the Class including: whether Defendant failed to pay its employees for periods of compensable time, whether that resulted in the

5

underpayment of overtime, and whether Defendant failed to pay the Class wages on a semi-monthly basis as required by R.C. 4113.15.

36. Plaintiffs will adequately protect the interests of the Class. Their interests are not antagonistic to but, rather, are in unison with, the interests of the Class members. Plaintiffs' counsel has broad experience in handling class action wage-and-hour litigation and are fully qualified to prosecute the claims of the Class in this case.

37. The questions of law or fact that are common to the Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

38. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## **COUNT ONE**
**(FLSA Overtime Violations)**

39. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

40. Plaintiffs and other similarly situated employees regularly worked 40 or more hours per workweek for Defendant.

6

41. Despite working hours in excess of forty (40) each workweek, Plaintiffs and other similarly situated employees were not paid overtime compensation at a rate of one and one-half their regular rate of pay for those hours worked in excess of forty hours per workweek, in violation of the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

42. Defendant's failure to pay Plaintiffs and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek resulted from its pay practices and policies.

43. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

44. As a result of Defendant's practices and policies, Plaintiffs and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

### COUNT TWO
### (Ohio Overtime Violations)

45. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

46. Plaintiffs and other similarly situated employees regularly worked 40 or more hours per workweek for Defendant.

47. Despite working hours in excess of forty (40) each workweek, Plaintiffs and other similarly situated employees were not paid overtime compensation at a rate of one and one-half their regular rate of pay for those hours worked in excess of forty hours per workweek, in violation of the OMFWSA, R.C. 4111.03(A).

48. Defendant's failure to pay Plaintiffs and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek resulted from its pay practices and policies.

49. As a result of Defendant's practices, Plaintiffs and other similarly situated Ohio Class employees have been damaged in that they have not received wages due to them pursuant to Ohio's wage and hour laws.

## COUNT THREE
### Failure to Pay Wages on a Semimonthly Basis

50. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

51. R.C. 4113.15(A) requires that Defendant pays Plaintiffs and the Class all wages on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

52. There is no dispute that Defendant has an obligation to pay employees for all hours worked. However, Defendant did not pay Plaintiffs and the Class for time spent working.

53. Plaintiffs and the Class member's unpaid wages have remained unpaid for more than 30 days beyond their regularly scheduled payday in violation of R.C. 4113.15(A)

54. In violating Ohio law, Defendant acted willfully, without a good faith basis and with reckless disregard to Ohio law.

55. As a result of Defendant's willful violation, Plaintiffs and the Ohio Class are entitled to unpaid wages and liquidated damages pursuant to R.C. 4113.15(A).

## COUNT FOUR
### Violation of O.R.C. 4111.14

56. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

57. R.C. 4111.14(G) requires an employer, within thirty business days after the date the employer receives the request, to "provide such information without charge to an employee or person on behalf of an employee upon request" including, "the name, address, occupation, pay rate, hours worked for each day worked, and each amount paid for the specific employee who has requested that specific employee's own information and does not include the name, address, occupation, pay rate, hours worked for each day worked, or each amount paid of any other employee of the employer."

58. On May 9, 2024, via Certified Mail and Ordinary Mail addressed to Defendant's statutory address listed above, Plaintiffs, by and through counsel, requested from Defendant wage documentation pursuant to R.C. 4111.14(G).

59. On May 23, 2024, via electronic mail, Plaintiffs, by and through counsel, made a second request from Defendant wage documentation pursuant to R.C. 4111.14(G).

60. More than thirty (30) business days have passed since Defendant received Plaintiffs' request pursuant to R.C. 4111.14(G).

61. On all occasions, Defendant has failed to respond or provide to Plaintiffs the responsive information required pursuant to R.C. 4111.14(G).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all persons similarly situated, prays that this Honorable Court:

    A.    Certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

B. Certify this case as a Rule 23 class action;

C. Enter judgment against Defendant, and in favor of Plaintiffs, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

D. Award Plaintiffs, the Opt-Ins who join, and the putative class actual damages for unpaid wages;

E. Award Plaintiffs, the Opt-Ins who join, and the putative class liquidated damages equal in amount to the unpaid wages found due to Plaintiffs, the Opt-Ins, and the putative class;

F. Award Plaintiffs and the Class liquidated damages in an amount equal to six per cent of the amount of the unpaid wages still unpaid or two hundred dollars per Class Member, whichever is greater;

G. Award Plaintiffs, the Opt-Ins who join, and the putative class pre-judgment and post-judgment interest at the statutory rate;

H. Award Plaintiffs, the Opt-Ins who join, and the putative class attorneys' fees, costs, and disbursements;

I. Award Plaintiffs, the Opt-Ins who join, and the putative class further and additional relief as this Court deems just and proper; and

J. Award Plaintiffs, the Opt-Ins who join, and the putative class attorney fees and costs for Defendant's violation of R.C. 4111.14(G).

Respectfully submitted,

*/s/ Adam L. Slone*
Adam L. Slone OH Bar No. 0093440
**BRIAN G. MILLER CO., L.P.A.**
250 West Old Wilson Bridge Road, Suite 270
Worthington, OH 43085
Phone: (614) 221-4035
Facsimile: (614) 987-7841
Email: als@bgmillerlaw.com
*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby demands a trial by jury on all claims so triable.

*/s/ Adam L. Slone*
*Counsel for Plaintiffs*



EXHIBIT A

## CONSENT TO JOIN WAGE CLAIM

NAME: **Michael Kabia**

1. I hereby give my consent to participate in a collective action lawsuit against Impact Care Ohio LLC, to pursue my claims of unpaid wages during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act (FLSA) and the Ohio Minimum Fair Wage Standards Act Wage Payment & Collection Act and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at Brian G. Miller Co., L.P.A. as my attorneys to prosecute my wage claims.

4. I intend to pursue my claim individually, unless and until the Court certifies this case as a collective action. I agree to serve as the Class Representative if the Court so approves. If someone else serves as the Class Representative, then I designate the Class Representative(s) as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

5. I authorize the law firm and attorneys at Brian G. Miller Co., L.P.A. to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

6. I provide the law firm and attorneys at Brian G. Miller Co., L.P.A. prior express consent to contact me via phone or text, including calls or texts made using an automated telephone dialing system and/or texting system, at any telephone number on which I can be reached.

Signature: *[signature]*  Date: 04/30/2024

**EXHIBIT B**

## CONSENT TO JOIN WAGE CLAIM

NAME: __John Keita__

1. I hereby give my consent to participate in a collective action lawsuit against Impact Care Ohio LLC, to pursue my claims of unpaid wages during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act (FLSA) and the Ohio Minimum Fair Wage Standards Act Wage Payment & Collection Act and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at Brian G. Miller Co., L.P.A. as my attorneys to prosecute my wage claims.

4. I intend to pursue my claim individually, unless and until the Court certifies this case as a collective action. I agree to serve as the Class Representative if the Court so approves. If someone else serves as the Class Representative, then I designate the Class Representative(s) as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

5. I authorize the law firm and attorneys at Brian G. Miller Co., L.P.A. to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

6. I provide the law firm and attorneys at Brian G. Miller Co., L.P.A. prior express consent to contact me via phone or text, including calls or texts made using an automated telephone dialing system and/or texting system, at any telephone number on which I can be reached.

Signature: _/s/_  Date: __04/30/2024__